LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALEXANDER KUVSHINOV,                     :
                                         :    07 Civ.
                      Plaintiff,         :
                                         :
        - against -                      :    **COMPLAINT AND**
                                         :    **DEMAND FOR JURY TRIAL**
TRIBECA GRAND HOTEL, INC.,               :
                                         :
                      Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff  Alexander Kuvshinov (hereinafter"Kuvshinov"), by his attorneys, Levy Davis &

Maher, LLP, complaining of defendant Tribeca Grand Hotel, Inc. (hereinafter "TGH"), alleges:

## NATURE OF THE ACTION

1.      This is a civil rights action to redress the deprivation of rights accorded to plaintiff

Kuvshinov pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

("Title VII"); the Civil Rights Act of 1991, 42 U.S.C. § 1981A ("1991 CRA"); the New York

State Human Rights Law, New York Executive Law § 296 et seq. ("NYSHRL") and Title 8 of

the Administrative Code of the City of New York , N.Y.C. Admin. Code § 8-101 et seq. ("Title

8").

2.      Mr. Kuvshinov is a former employee of TGH who was subjected to harassment on

the basis of his sex and national origin by his supervisor.  Mr. Kuvshinov attempted to seek

redress for such harassment by invoking the employer's internal complaint procedure.  TGH

failed and refused to provide such redress, and ultimately terminated Mr. Kuvshinov's

employment in retaliation for his complaints of harassing conduct.  Defendant's actions are

unlawful, and Mr. Kuvshinov brings this action seeking injunctive and declaratory relief, lost

earnings, compensatory and punitive damages and other appropriate equitable and legal relief as

may be necessary to compensate him.


## JURISDICTION AND VENUE

3.      This court has jurisdiction of this matter pursuant to (i) 28 U.S.C. §§ 1343(3) and

1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages

or to secure equitable relief under any Act of Congress providing for the protection of civil

rights; (ii) the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) 42 U.S.C. § 2000e et seq.

and (iv) 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of

operative fact such that they are so related that they form part of the same case or controversy

under Article III of the United States Constitution.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the

defendant has offices, conducts business and can be found in the Southern District of New York,

and the causes of action arose and occurred in the Southern District of New York.  Venue is also

proper in this Court pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), inasmuch as

the unlawful employment practices complained of herein occurred primarily within the Southern

District of New York.

**PARTIES**

5.      Plaintiff Alexander Kuvshinov is a natural person who resides in the County of

Queens, City and State of New York.  At all relevant times, he was an "employee" of TGH

within the meaning of Title VII, the NYSHRL and Title 8.

6.      Upon information and belief, TGH is and has been, at all relevant times,  a

domestic business corporation organized under the laws of New York.  It maintains its principal

place of business in the City, County and State of New York.  At all relevant times, it was an

"employer" within the meaning of Title VII, the NYSHRL and Title 8.


**PROCEDURAL REQUIREMENTS**

7.      Plaintiff incorporates by reference Paragraphs 1 through 6 of this Complaint as

though the same were set forth fully herein.

8.      Mr. Kuvshinov timely filed a Charge of Discrimination on or about November 16,

2006, with the United States Equal Employment Opportunity Commission ("EEOC").

9.      On or about June 13, 2007, the EEOC issued  a determination that there was

reasonable cause to believe that "the allegations as to discrimination based on national origin and

sex are true ... [and] that there was a causal connection between [Mr. Kuvshinov's] complaint

and subsequent termination."

10.      On or about September 19, 2007, the EEOC issued a Notice of Right to Sue

following failure of conciliation.

11.      Plaintiff has satisfied the filing requirements of Title 8 of the Administrative Code

of the City of New York.

## STATEMENT OF THE CLAIM

12.    Plaintiff incorporates by reference Paragraphs 1 through 11 of this Complaint as though the same were set forth fully herein.

13.    Mr. Kuvshinov began working at TGH as a security base officer on or about November 21, 2005.

14.    Beginning in or about February 2006, Mr. Kuvshinov was subjected to a course of harassment on the basis of his sex and/or national origin by his immediate supervisor, Richard Henderson.  The harassment included such statements as "go back to Russia."  Mr. Henderson also accused Mr. Kuvshinov of having been hired because he had purportedly had a sexual relationship with a female supervisor at TGH.

15.    TGH regarded Mr. Kuvshinov's work as more than satisfactory.  TGH nominated Mr. Kuvshinov "Employee of the Month" for May 2006.   TGH honored Mr. Kuvshinov at an "Employee of the Month" event in September 2006.

16.    On or about September 9, 2006, a TGH supervisor (to whom plaintiff did not report directly) notified TGH's Vice President of Human Resources of Mr. Kuvshinov's complaint.  On or about September 19, 2006, Mr. Kuvshinov met with the Vice President of Human Resources to discuss his complaint.

17.    On or October 5, 2006, TGH terminated Mr. Kuvshinov's employment.

18.    TGH cited as its reason for termination that Mr. Kuvshinov spent most of the morning of September 23, 2006, at the security base when he should have been on patrol.  The reason given for termination was, however, a pretext for retaliation.

19.    Defendant's actions were intentional and in reckless disregard of the health and

well being of the plaintiff.  As a result of these acts, the plaintiff has suffered grievous, extensive

and continuing damages, including, but not limited to, pain and suffering, humiliation and

embarrassment, lost wages and benefits.

## COUNT I

20.    Plaintiff incorporates by reference Paragraphs 1 through 19 of this Complaint as

though the same were set forth fully herein.

21.    The harassing conduct described above was sufficiently severe or pervasive as to

alter the terms and conditions of Kuvshinov's employment.

22.    By creating and/or allowing to subsist a hostile work environment on the basis of

sex, TGH has intentionally discriminated against plaintiff in violation of Title VII.

## COUNT II

23.    Plaintiff incorporates by reference Paragraphs 1 through 22 of this Complaint as

though the same were set forth fully herein.

24.    TGH retaliated against plaintiff in violation of Title VII.

## COUNT III

25.    Plaintiff incorporates by reference Paragraphs 1 through 24 of this Complaint as

though the same were set forth fully herein.

26.    TGH condoned the actions of its agents, servants and employees.

27.    Accordingly, TGH intentionally discriminated against plaintiff in violation of the

New York State Human Rights Law by creating and/or permitting to subsist a hostile work environment.

## COUNT IV

28.    Plaintiff incorporates by reference Paragraphs 1 through 27 of this Complaint as though the same were set forth fully herein.

29.    TGH retaliated against plaintiff in violation of the New York State Human Rights Law.

## COUNT V

30.    Plaintiffs incorporate by reference Paragraphs 1 through 29 of this Complaint as though the same were set forth fully herein.

31.    Defendant, by creating and/or allowing to subsist a hostile work environment on the basis of sex and/or national origin, has intentionally discriminated against plaintiff in violation of the New York City Human Rights Law.

## COUNT VI

32.    Plaintiffs incorporate by reference Paragraphs 1 through 31 of this Complaint as though the same were set forth fully herein.

33.    Defendant has retaliated against plaintiff in violation of the New York City Human Rights Law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.  Declare defendant's conduct complained of herein to be in violation of the plaintiff's rights as secured by Title VII, NYSHRL and Title 8;

B.  Grant a permanent injunction enjoining the Tribeca Grand Hotel and its officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff as secured by Title VII, the NYSHRL and Title 8;

C.  Order the Tribeca Grand Hotel to make the plaintiff whole by providing appropriate lost earnings and benefits, with pre-judgment interest, and other affirmative relief including, but not limited to, reinstatement and/or front pay;

D.  Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

E.  Award the plaintiff punitive damages to be determined by the jury at the time of trial;

F.  Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action;  and

G.  Grant such further relief as the Court deems necessary and proper.


## JURY TRIAL DEMANDED

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: New York, New York
       December 5, 2007

Respectfully submitted,

LEVY DAVIS & MAHER, LLP

By: _____/s/_____


Jonathan A. Bernstein(JB 4053)
Attorneys for Plaintiff
880 Third Avenue, 9th Floor
New York, New York 10022
(212) 371-0033