UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER KUVSHINOV,

                Plaintiff,

-against-

TRIBECA GRAND HOTEL, INC.,

                Defendant.

Case No. 07 civ. 11052 (RJH)(JCF)

**ANSWER**

Defendant Tribeca Grand Hotel, Inc. (hereinafter referred to as "TGH" or "Defendant") by and through its attorneys Jackson Lewis LLP, for its Answer, to Plaintiff Alexander Kuvshinov's ("Mr. Kuvshinov" or "Plaintiff") Complaint (the "Complaint") hereby states as follows:

### AS TO THE "NATURE OF THE ACTION"

1. Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's Complaint, except avers that Plaintiff alleges this is "a civil rights action to redress the deprivation of rights accorded to plaintiff Kuvshinov pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ('Title VII'); the Civil Rights Act of 1991, 42 U.S.C. § 1981A ('1991 CRA'); the New York State Human Rights Law, New York Executive Law § 296 et seq. ('NYSHRL') and Title 8 of the Administrative Code of the City of New York, N.Y.C. Admin. Code § 8-101 et seq. ('Title 8')."

2. Defendant denies each and every allegation set forth in Paragraph "2" of Plaintiff's Complaint, except avers that Plaintiff is a former employee of TGH, that Plaintiff was terminated, and that Plaintiff alleges this is an action for "injunctive and

declaratory relief, lost earnings, compensatory and punitive damages and other equitable and legal relief as may be necessary to compensate him."

## AS TO "JURISDICTION AND VENUE"

3. Defendant denies the allegations set forth in Paragraph "3" of Plaintiff's Complaint, except avers that Plaintiff alleges the Court has jurisdiction of this matter pursuant to (i) 28 U.S.C. §§ 1343(3) and 1343(4); (ii) the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) 42 U.S.C. § 2000e et seq.; and (iv) 28 U.S.C. § 1367(a).

4. Defendant denies the allegations set forth in Paragraph "4" of Plaintiff's Complaint, except avers that Plaintiff alleges venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

## AS TO "PARTIES"

5. Defendant admits that Plaintiff is a natural person. Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's allegation that he resides in the County of Queens, City and State of New York. The remainder of Paragraph "5" states a legal conclusion for which no response is required.

6. Defendant admits that Defendant is a corporation organized under the laws of the State of New York with its principal place of business in the City, County and State of New York. The remainder of Paragraph "6" states a legal conclusion for which no response is required.

## AS TO "PROCEDURAL REQUIREMENTS"

7. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "6", inclusive, as though fully set forth herein.

8. Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph "8" of Plaintiff's Complaint, except admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 520-2007-00794).

9. Defendant admits the allegations set forth in Paragraph "9" of Plaintiff's Complaint.

10. Defendant admits the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

## AS TO "STATEMENT OF THE CLAIM"

12. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "11", inclusive, as though fully set forth herein.

13. Defendant admits the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's Complaint.

15. Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiff's Complaint, except avers that in May 2006 Plaintiff was nominated for employee of the month and in September 2006 Plaintiff attended a luncheon for nominees.

16. Defendant denies each and every allegation set forth in Paragraph "16" of Plaintiff's Complaint, except avers that on or about September 9 and 10, 2006, Plaintiff's supervisor sent e-mails to Neal Scott, Vice President of Human Resources, regarding Plaintiff, and refers the Court to the e-mails for the truth of the content thereof.

17. Defendant admits the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint.

### AS TO "COUNT I"

20. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "19", inclusive, as though fully set forth herein.

21. Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendant denies each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint.

## AS TO "COUNT II"

23. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "22", inclusive, as though fully set forth herein.

24. Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

## AS TO "COUNT III"

25. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "24", inclusive, as though fully set forth herein.

26. Defendant denies each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendant denies each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint.

### AS TO "COUNT IV"

28. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "27", inclusive, as though fully set forth herein.

29. Defendant denies each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

### AS TO "COUNT V"

30. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "29", inclusive, as though fully set forth herein.

31. Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

### AS TO "COUNT VI"

32. Defendant repeats and realleges its answers to each and every allegation set forth in Paragraphs "1" through "31", inclusive, as though fully set forth herein.

33. Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities and Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, in whole or in part, because he failed to use reasonable diligence to mitigate his alleged damages.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

37.   At all times relevant hereto, Defendant has acted in good faith and with good cause, and has not violated any rights which may be secured to Plaintiff under any federal, State or local law, rule, regulation or guideline.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

38.   All of Defendant's actions were taken for legitimate, nondiscriminatory and nonretaliatory business reasons, and would have been taken regardless of Plaintiff's sex or national origin or any other prohibited reason.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

39.   Plaintiff is not entitled to recovery of punitive damages as Defendant has exercised reasonable care and good faith efforts to prevent workplace discrimination and retaliation in accordance with applicable laws.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred, in whole or in part, because he failed to meet the conditions precedent to filing this suit.

WHEREFORE, Defendant respectfully requests that the Court:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every demand and prayer for relief contained in the Complaint;

c. Award Defendant reimbursement for the reasonable attorneys' fees and costs it incurs in defending Plaintiff's Complaint; and

d. Grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, NY 10038
(212) 545-4000
(212) 972-3213 (fax)

Dated: January 25, 2008
New York, New York

By: _____
Lori D. Bauer (LB 8098)
Liane Chinwalla (LC 5708)

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that on January 25, 2008 I caused a true and correct copy of Defendant Tribeca Grand Hotel, Inc's Answer to Plaintiff Alexander Kuvshinov's Complaint (Complaint No.: 07 Civ. 11052 (RJH)(JCF)) to be served by Electronic Case Filing and regular mail on Plaintiff's counsel at the following address:

>Jonathan Adam Bernstein
>Levy Davis & Maher, LLP
>880 Third Avenue, 9th Floor
>New York, NY 10022

_____
Liane Chinwalla, Esq.